## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEWART ABRAMSON, individually     :
and on behalf of a class of all persons and     :    **Case No. 2:25-cv-00288**
entities similarly situated,     :
    :
       **Plaintiff(s),**     :
    :
      **v.**     :
    :
**LINE 5, LLC; HEADSTART**     :
**WARRANTY GROUP LLC; and MLB**     :
**GLOBAL, LLC d/b/a BENCHMARK**     :
**WARRANTY,**     :
    :
       **Defendant(s).**     :

### DEFENDANT LINE 5, LLC'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Now comes Defendant Line 5, LLC ("Line 5") by and through its undersigned counsel and hereby responds to Plaintiff's Class Action Complaint.

### Preliminary Statement

1. Admitted in part, denied in part. Line 5 admits that Paragraph 1 of Plaintiff's Class Action Complaint quotes a portion of *Barr v. Am. Ass'n of Political Consultants*, 591 U.S. 610 (2020). Line 5 denies any remaining allegations in this Paragraph and further denies it violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Admitted in part, denied in part. Line 5 admits that the TCPA does not solely restrict "robocalls." Line 5 denies that it violated the TCPA or that it made any "robocalls" to Plaintiff without Plaintiff's consent.

1

3. Admitted in part, denied in part. Line 5 admits that Paragraph 3 of Plaintiff's Class Action Complaint purports to quote from the TCPA. Line 5 denies that Plaintiff's quote is accurate or even from the TCPA and further denies that it violated the TCPA.

4. Admitted in part, denied in part. Line 5 admits that Paragraph 4 of Plaintiff's Class Action Complaint purports to quote from out-of-circuit case law. Line 5 denies that this Court is bound by the case law and further denies that it violated the TCPA.

5. Admitted in part, denied in part. Line 5 admits that Plaintiff brings an action under the TCPA alleging that Defendant MLB Global, LLC d/b/a Benchmark Warranty ("MLB") sent telemarketing calls that delivered pre-recorded messages or messages using an artificial voice on behalf of Defendant Headstart Warranty Group LLC ("Headstart"). Line 5 denies that it made any calls to Plaintiff without Plaintiff's prior express consent. Line 5 further denies that MLB made any calls on its behalf as Line 5 has not nor did it ever authorize MLB to act on its behalf. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

6. Admitted in part, denied in part. Line 5 admits that Plaintiff has brought this action as a class. Line 5 denies that class treatment is appropriate because, *inter alia*, Plaintiff is not a suitable class representative and there not common questions of fact or law. Line 5 further denies making, authorizing, permitting, controlling, or supervising any calls to Plaintiff without Plaintiff's prior express consent. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the type of technology used in the alleged call(s) to Plaintiff and, therefore, denies the same.

7.     Line 5 denies Paragraph 7 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against another defendant and, therefore, denies the same.

## Parties

8.     Line 5 admits Paragraph 8 of Plaintiff's Class Action Complaint.

9.     Line 5 denies MLB made calls on its behalf; to the contrary MLB had no authority to make any calls or otherwise act on Line 5's behalf.  Line 5 further denies that it had, maintained, or exercised any control or supervision of MLB or MLB's business practices.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 9 of Plaintiff's Class Action Complaint or any allegations directed against another defendant and, therefore, denies the same.

## Jurisdiction & Venue

10.     Line 5 admits that, as of the filing of this Answer with Affirmative Defenses, this Court appears to have subject-matter jurisdiction under 28 U.S.C. § 1331.

11.     Line 5 admits it has registered to do business in Pennsylvania and consented to general personal jurisdiction.  Line 5 denies it was engaged in a "joint business enterprise" with either or both MLB or Headstart.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against another defendant and, therefore, denies the same.

12.     Line 5 does not contest venue in this action.  Line 5 further denies that it sent any automated calls to Plaintiff.

## The Telephone Consumer Protection Act

3

13.     Admitted in part, denied in part.  Line 5 admits that Paragraph 13 of Plaintiff's Class Action Complaint purports to quote a portion of the TCPA.  Line 5 denies that it violated the TCPA.

The National Do Not Call Registry

14.     Admitted in part, denied in part.  Line 5 admits that Paragraph 14 of Plaintiff's Class Action Complaint purports to paraphrase 47 C.F.R. § 64.1200(c)(2).  Line 5 denies that it violated 47 C.F.R. § 64.1200(c)(2) because it obtained Plaintiff's prior express permission when Plaintiff signed the contract with Line 5.  Line 5 further denies that it violated 47 C.F.R. § 64.1200(c)(2) because it did not telephonically solicit any business from Plaintiff, nor did Line 5 allow, authorize, supervise, or control any calls allegedly made on Line 5's behalf.

15.     Admitted in part, denied in part.  Line 5 admits that Paragraph 15 of Plaintiff's Class Action Complaint purports to quote 47 C.F.R. § 64.1200(c)(2).  Line 5 denies that it violated 47 C.F.R. § 64.1200(c)(2) because it obtained Plaintiff's prior express permission when Plaintiff signed the contract with Line 5.  Line 5 further denies that it violated 47 C.F.R. § 64.1200(c)(2) because it did not telephonically solicit any business from Plaintiff, nor did Line 5 allow, authorize, supervise, or control any calls allegedly made on Line 5's behalf.

16.     Admitted in part, denied in part.  Line 5 admits that Paragraph 16 of Plaintiff's Class Action Complaint purports to paraphrase 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).  Line 5 denies that Plaintiff has a private right of action against it because Line 5 obtained Plaintiff's prior express permission when Plaintiff signed the contract with Line 5.  Line 5 further denies that it violated 47 C.F.R. § 64.1200(c)(2)

**Factual Allegations**

4

17.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiff's Class Action Complaint and, therefore, denies the same.

18.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiff's Class Action Complaint and, therefore, denies the same.

19.    Admitted in part, denied in part.  Line 5 admits it provides financing for extended warranty contracts which necessarily includes processing payments due on those finance agreements.  Line 5 denies all remaining allegations in Paragraph 16 of Plaintiff's Class Action Complaint directed to it.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

20.    Line 5 denies Paragraph 20 of Plaintiff's Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

21.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same.

22.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiff's Class Action Complaint and, therefore, denies the same.

23.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiff's Class Action Complaint and, therefore, denies the same.

24.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiff's Class Action Complaint and, therefore, denies the same.

25.    Line 5 denies Paragraph 25 of Plaintiff's Class Action Complaint; to the contrary, Plaintiff signed a loan agreement with Line 5 to finance an extended warranty and, as a result, became a customer of Line 5.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

26.    Line 5 denies Paragraph 26 of Plaintiff's Class Action Complaint; to the contrary, Line 5 does not make any telemarketing calls.  By way of further response, Plaintiff consented to any calls made to him by Line 5.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

27.    Line 5 denies it made any calls to Plaintiff on October 15, 2024.  At this time and after reasonable investigation, Lin e5 lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 27 of Plaintiff's Class Action Complaint or as to any allegations directed against other defendants and, therefore, denies the same.

28.    Line 5 denies it made any calls to Plaintiff on October 15, 2024.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as

6

to the truth of any remaining allegations in Paragraph 28 of Plaintiff's Class Action Complaint or as to any allegations directed against other defendants and, therefore, denies the same.

29.    Line 5 denies Paragraph 29 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

30.    At this time after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's Class Action Complaint and, therefore, denies the same.

31.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiff's Class Action Complaint and, therefore, denies the same.

32.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiff's Class Action Complaint and, therefore, denies the same.

33.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiff's Class Action Complaint and, therefore, denies the same.

34.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of Plaintiff's Complaint and, therefore, denies the same.

35.    Line 5 admits it sent a text message to Plaintiff on October 15, 2024, after an application for financing was submitted on Plaintiff's behalf.  All other text messages sent to

7

Plaintiff were as a result of Plaintiff consenting to receiving such messages pursuant to the contract he signed.

36.    Admitted in part, denied in part.  Line 5 admits making a soft credit inquiry about Plaintiff after it received Plaintiff's signed application for financing expressly authorizing Line 5 to investigate Plaintiff's credit history including inquiries to credit reporting agencies. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 36 of Plaintiff's Class Action Complaint or any allegations directed at other defendants or non-parties and, therefore, denies the same.

37.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of Plaintiff's Class Action Complaint and, therefore, denies the same.

38.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of Plaintiff's Class Action Complaint and, therefore, denies the same.

39.    Admitted in part, denied in part.  Line 5 admits it sent text messages to Plaintiff because Plaintiff consented to receiving such text messages.  Line 5 denies that it called or texted Plaintiff "from that number."  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 34 of Plaintiff's Class Action Complaint or any allegations directed against other defendants and, therefore, denies the same.

40.    Admitted in part, denied in part.  Line 5 admits it called Plaintiff on October 17, 2024.  Line 5 denies that it used an artificial or prerecorded voice on the October 17th call.  Line 5

8

denies all remaining allegations in Paragraph 40 of Plaintiff's Complaint. By way of further response, Plaintiff consented to receiving calls using artificial or prerecorded voice when he signed the financing agreement with Line 5.

41.    Admitted in part, denied in part. Line 5 admits it sent Plaintiff text messages to which Plaintiff consented when he signed the financing agreement with Line 5. Line 5 denies all remaining allegations in Paragraph 41 of Plaintiff's Complaint.

42.    Admitted in part, denied in part. Line 5 admits that it received a letter dated October 24, 2024, from Plaintiff. By way of further response, Line 5 did not receive Plaintiff's letter until October 30, 2024. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

43.    Admitted in part, denied in part. Line 5 admits it sent a text message to Plaintiff on October 26, 2024, based on Plaintiff's prior express consent. Line 5 denies that, as of October 26, 2024, Plaintiff had revoked his consent because it did not receive Plaintiff's revocation letter until October 30, 2024. Line 5 further denies that Plaintiff responded "STOP" in response to any text message it sent him.

44.    Admitted in part, denied in part. Line 5 admits it sent a text message to Plaintiff on October 30, 2024, based on Plaintiff's prior express consent. Line 5 denies that it had received Plaintiff's revocation letter prior to sending the text message. Line 5 denies all remaining allegations in Paragraph 44 of Plaintiff's Complaint.

45.     At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of Plaintiff's Class Action Complaint and, therefore, denies the same.

46.     At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of Plaintiff's Class Action Complaint and, therefore, denies the same.

47.     At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of Plaintiff's Class Action Complaint and, therefore, denies the same.

48.     Admitted in part, denied in part. Line 5 admits that Paragraph 48 of Plaintiff's Class Action Complaint references and relies on (but does not attach) the Security Agreement he bought from HeadStart Direct which was financed by Line 5. Line 5 further admits that its in-house counsel provided a copy of the Security Agreement to Plaintiff. Line 5 denies that the undersigned counsel provided Plaintiff with a copy of the Security Agreement. Line 5 denies that the "Seller" is listed as "Thomas Martinez"; to the contrary, HeadStart Direct is listed as the "Seller."

49.     At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of Plaintiff's Class Action Complaint and, therefore, denies the same.

50.     Line 5 denies Paragraph 50 of Plaintiff's Class Action Complaint. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

51.      Admitted in part, denied in part. Line 5 admits that Paragraph 51 of Plaintiff's Class Action Complaint purports to quote from the Federal Communications Commission's ("FCC") regulatory guidance regarding the TCPA. Line 5 denies that the FCC is entitled to any deference in its interpretation of the TCPA. *See Loper Bright v. Raimondo*, 603 U.S. 369 (2024).

52.      Admitted in part, denied in part. Line 5 admits that Paragraph 52 of Plaintiff's Class Action Complaint purports to rely on regulatory guidance and interpretation from the FCC regarding the TCPA. Line 5 denies that the FCC is entitled to any deference in its interpretation of the TCPA. *See Loper Bright, supra.* Line 5 further denies that Plaintiff accurately stated the FCC's guidance.

53.      Admitted in part, denied in part. Line 5 admits that Paragraph 53 of Plaintiff's Class Action Complaint purports to rely on a regulatory decision directed at non-parties. Line 5 denies that this regulatory decision is entitled to any deference since it is not directed at Line 5. Line 5 further denies that this regulatory decision is entitled to any deference in its interpretation of the TCPA. *See Loper Bright, supra.* Line 5 further denies that it undertakes any telemarketing or sales operations; to the contrary, Line 5 does not tele-market nor does it maintain or exercise any control of any party to place telemarketing calls on its behalf. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

54.      Admitted in part, denied in part. Line 5 admits that Paragraph 54 of Plaintiff's Class Action Complaint purports to rely on a regulatory decision directed at non-parties. Line 5 denies that this regulatory decision is entitled to any deference since it is not directed at Line 5. Line 5 further denies that this regulatory decision is entitled to any deference in its interpretation of the

11

TCPA. *See Loper Bright, supra.* Line 5 further denies that it outsourced any of its business practices (including tele-marketing), or that it had, maintained, or exercised any control or supervision over either MLB or Headstart's business practices, including sales calls. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

55. Line 5 denies Paragraph 55 of Plaintiff's Class Action Complaint. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

56. Line 5 denies Paragraph 56 of Plaintiff's Class Action Compliant. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

57. Line 5 denies Paragraph 57 of Plaintiff's Class Action Complaint. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

58. Line 5 denies Paragraph 58 of Plaintiff's Class Action Complaint. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

59. Line 5 denies Paragraph 59 of Plaintiff's Class Action Complaint. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

60. Line 5 denies Paragraph 60 of Plaintiff's Class Action Complaint because Headstart has no ability or authority to supervise Line 5. At this time and after reasonable investigation, Line

5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

61.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of Plaintiff's Class Action Complaint and, therefore, denies the same.

62.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of Plaintiff's Class Action Complaint and, therefore, denies the same.

63.    Line 5 denies Paragraph 63 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

64.    Line 5 denies Paragraph 64 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

65.    Line 5 denies Paragraph 65 of Plaintiff's Class Action Complaint.  By way of further response, Plaintiff provided his prior express consent to receive phone calls and text messages from Line 5 when signed the contract with Line 5.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

66.    Admitted in part, denied in part.  Line 5 admits that Headstart has the ability to terminate its contract with Line 5.  At this time and after reasonable investigation, Line 5 lacks

knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

67.    Admitted in part, denied in part. Line 5 admits that Headstart did not terminate its contract with Line 5. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

68.    Line 5 denies Paragraph 68 of Plaintiff's Class Action Complaint. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

69.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of Plaintiff's Class Action Complaint and, therefore, denies the same.

70.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of Plaintiff's Class Action Complaint and, therefore, denies the same.

71.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of Plaintiff's Class Action Complaint and, therefore, denies the same.

72.    Admitted in part, denied in part. Line 5 admits that Headstart did not terminate its contract with Line 5. Line 5 denies that Headstart "hired" or otherwise employs Line 5. Line further denies all remaining allegations in Paragraph 72 of Plaintiff's Class Action Complaint directed to it. At this time and after reasonable investigation, Line 5 lacks knowledge or

information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

73.    Line 5 denies Paragraph 73 of Plaintiff's Class Action Complaint. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

74.    Line 5 denies Paragraph 74 of Plaintiff's Class Action Complaint. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

75.    Admitted in part, denied in part. Line 5 admits that Paragraph 75 of Plaintiff's Class Action Complaint recites a portion of an FCC declaratory ruling directed at non-parties. Line 5 denies that it is bound by the FCC's declaratory ruling. Line 5 further denies that this court should defer to the FCC's declaratory ruling. *See Loper Bright, supra.*

76.    Line 5 denies Paragraph 76 of Plaintiff's Class Action Complaint; to the contrary, Plaintiff signed a financing agreement with Line 5 and provided his prior express consent to any calls or texts from Line 5.

77.    Line 5 denies Paragraph 77 of Plaintiff's Class Action Complaint; to the contrary, Plaintiff signed a financing agreement with Line 5 and provided his prior express consent to any calls or texts from Line 5.

78.    Admitted in part, denied in part. Line 5 admits that Plaintiff revoked his consent as of October 30, 2024, (the date it received Plaintiff's letter revoking consent). Line 5 denies that Plaintiff did not provide his prior express consent; to the contrary, Plaintiff signed a financing agreement with Line 5 which provided his prior express consent to any calls or texts from Line 5.

At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

79.     Line 5 denies that Plaintiff's privacy was violated as a result of any calls or text messages from Line 5 since it obtained Plaintiff's prior express consent when Plaintiff signed the financing agreement with Line 5.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

80.     Line 5 denies Paragraph 80 of Plaintiff's Class Action Complaint; to the contrary, Plaintiff provided his prior express consent to Line 5 when he signed the financing agreement with Line 5.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

81.     Line 5 denies Paragraph 81 of Plaintiff's Class Action Complaint as to Plaintiff since Plaintiff provided his prior express consent to receive such calls or text messages from Line 5 when he signed the financing agreement with Line 5.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to (a) any remaining allegations in Paragraph 81 or (b) any allegations directed against other defendants and, therefore, denies the same.

82.     Line 5 denies Paragraph 82 of Plaintiff's Class Action Complaint as to Plaintiff since Plaintiff provided his prior express consent to receive such calls or text messages from Line 5 when he signed the financing agreement with Line 5.  At this time and after reasonable investigation,

Line 5 lacks knowledge or information sufficient to form a belief as to (a) any remaining allegations in Paragraph 82 of (b) any allegations directed against other defendants and, therefore, denies the same.

**Class Action Statement**

83.    Line 5 restates its responses to Paragraphs 1 – 83 of Plaintiff's Class Action Complaint as if fully stated herein.

84.    Admitted in part, denied in part. Line 5 admits Plaintiff purports to bring this action as a class action. Line 5 denies the class treatment is appropriate.

85.    Admitted in part, denied in part. Line 5 admits Paragraph 85 of Plaintiff's Class Action Complaint attempts to define three different classes. Line 5 denies that class treatment is appropriate and further denies that class definitions are appropriate. By way of further response, the class definitions are inappropriate because they do not take into consideration whether or not any of the putative class members consented to receiving either calls using an artificial or prerecorded voice or text messages from Line 5, as Plaintiff did.

86.    Line 5 denies Paragraph 86 of Plaintiff's Class Action Complaint; to the contrary, Plaintiff is not a suitable class representative because (1) Line 5 made no telemarketing calls to him and (2) he consented to receiving phone calls and text messages from Line 5 when he executed the financing agreement.

87.    Admitted in part, denied in part. Line 5 admits that Paragraph 87 of Plaintiff's Class Action Complaint attempt to exclude certain people from the class definition. Line 5 denies that class treatment is appropriate.

88. Line 5 denies Paragraph 88 of Plaintiff's Class Action Complaint with respect to Plaintiff's because (1) Line 5 made no telemarketing calls to him and (2) he consented to receiving phone calls and text messages from Line 5 when he executed the financing agreement. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph or as to any allegations directed against other defendants and, therefore, denies the same.

89. Admitted in part, denied in part. Line 5 admits that Plaintiff's Class Action Complaint seeks injunctive relief and money damages. Line 5 denies that Plaintiff is entitled to either type of relief from it since Line 5 did not make nor authorize any telemarketing calls to Plaintiff and Plaintiff consented to receiving phone calls and text messages from Line 5 when he executed the financing agreement.

90. Line 5 denies Paragraph 90 of Plaintiff's Class Action Complaint because it does not have any dialer, telephone records, or telephone number databases since it does not make or authorize any outbound sales calls on its behalf. By way of further response, any calls or text messages sent to Plaintiff were appropriate since Plaintiff consented to receiving said calls and text messages when he executed the financing agreement. Line 5 further denies that any class is ascertainable because the proposed class definitions do not take into account any putative class members who may have waived their right to participate in a class when they signed a contract with Line 5 and expressly agreed to arbitrate any claims and did not opt out of such a waiver. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

91.    Line 5 denies that the putative class size is "in the hundreds" because Line 5 does not engage in telemarketing sales calls.  By way of further response, any calls or text messages sent to Plaintiff were appropriate since Plaintiff consented to receiving said calls and text messages when he executed the financing agreement.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 of Plaintiff's Class Action Complaint or any allegations directed against other defendant and, therefore, denies the same.

92.    Line 5 denies Paragraph 92 of Plaintiff's Class Action Complaint.

93.    Line 5 denies Paragraph 93 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

94.    Line 5 denies Paragraph 94 of Plaintiff's Class Action Complaint; to the contrary, Plaintiff will have separate questions of law and fact because of his behavior in engaging in at least one telephone conversation and requesting, receiving, and executing financing documents, thus consenting to receiving any prerecorded calls or text messages from Line 5.  Line 5 further denies that any class is ascertainable because the proposed class definitions do not take into account any putative class members who may have waived their right to participate in a class when they signed a contract with Line 5 and expressly agreed to arbitrate any claims and did not opt out of such a waiver.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

95.     Line 5 denies Paragraph 95 of Plaintiff's Class Action Complaint, including all subparts; to the contrary, Plaintiff will have separate questions of law and fact because of his behavior in engaging in at least one telephone conversation and requesting, receiving, and executing financing documents, thus consenting to receiving any prerecorded calls or text messages from Line 5.  Line 5 further denies that any class is ascertainable because the proposed class definitions do not take into account any putative class members who may have waived their right to participate in a class when they signed a contract with Line 5 and expressly agreed to arbitrate any claims and did not opt out of such a waiver.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

96.     Line 5 denies Paragraph 96 of Plaintiff's Class Action Complaint.

97.     Admitted in part, denied in part.  Line 5 admits Plaintiff has retained counsel.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97 of Plaintiff's Class Action Complaint and, therefore, denies the same.

98.     Line 5 denies Paragraph 98 of Plaintiff's Class Action Complaint; to the contrary, Plaintiff will have separate questions of law and fact because of his behavior in engaging in at least one telephone conversation and requesting, receiving, and executing financing documents, thus consenting to receiving any prerecorded calls or text messages from Line 5.  As a result, there are questions to each individual member about whether or not they executed a financing agreement and also consented to receiving calls and text messages from Line 5.  Line 5 further denies that any class is ascertainable because the proposed class definitions do not take into account any putative

class members who may have waived their right to participate in a class when they signed a contract with Line 5 and expressly agreed to arbitrate any claims and did not opt out of such a waiver. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

99.    At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of Plaintiff's Class Action Complaint and, therefore, denies the same.

100.    Admitted in part, denied in part. Line 5 admits that it is not aware of any litigation concerning MLB based on similar claims or class definitions. Line 5 denies the remaining allegations in Paragraph 100 of Plaintiff's Class Action Complaint because each of Plaintiff's attorneys are counsel of record for a class action filed against Line 5 and Headstart that have identical class definitions. *See Friel, et al., v. Line 5, LLC; Headstart Warranty Group LLC and JEA Management Services d/b/a Covered Auto*, Case No. 3:24-cv-01866 (M.D. Pa.).

**FIRST CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 [U].S.C. § 227(b)) on behalf of the Robocall Class**

101.    Line 5 restates its responses to Paragraphs 1 – 101 of Plaintiff's Class Action Complaint as if fully stated herein.

102.    Line 5 denies Paragraph 102 of Plaintiff's Class Action Complaint. At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

21

103.    Line 5 denies Paragraph 103 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

104.    Line 5 denies Paragraph 104 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

105.    Line 5 denies Paragraph 105 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

## SECOND CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

106.    Line 5 restates its responses to Paragraphs 1 – 106 of Plaintiff's Class Action Complaint as if fully stated herein.

107.    Line 5 denies Paragraph 107 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

108.    Line 5 denies Paragraph 108 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

109.    Line 5 denies Paragraph 109 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

110.    Lin e5 denies Paragraph 110 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

### THIRD CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Registry Class)**

111.    Line 5 restates its responses to Paragraphs 1 – 110 of Plaintiff's Class Action Complaint as if fully stated herein.

112.    Line 5 denies Paragraph 112 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

113.    Line 5 denies Paragraph 113 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

114.    Line 5 denies Plaintiff 114 of Plaintiff's Class Action Complaint.  At this time and after reasonable investigation, Line 5 lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.

### Affirmative and Other Defenses

1.    Line 5 did not make or authorize any telemarketing calls on its behalf.

2.    Upon information and believe, the alleged telemarketing calls were not selling Line 5's services, but rather the calls were made for the purpose of selling an extended car warranty provided by another of the defendants.

23

3.      Line 5 asserts that an award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process. *See, e.g., State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1999).

4.      Since Plaintiff has not suffered any actual damages, his individual recovery (to the extent that he is entitled to such recovery, which Line 5 denies) is limited to statutory damages only.

5.      To the extent that Plaintiff sustained any actual damages (which Line 5 denies), such damages were due to the acts or omissions of other parties over whom Line 5 had no control, including but not limited to Plaintiff and the other defendants.

6.      This Court is not bound by, nor must it give any deference to any interpretation, regulation, or regulatory action taken by the FCC.  *See Loper Bright, supra*.

Respectfully submitted,

**BARRON & NEWBURGER, P.C.**

By:    /s/ Brit J. Suttell
BRIT J. SUTTELL, ESQUIRE
PA Id. No. 204140
6100 219th St. SW, Suite 480
Mountlake Terrace, WA  98043
(484) 999-4232
britjsuttell@bn-lawyers.com
Counsel for Defendant Line 5, LLC

Dated:  March 24, 2025

## CERTIFICATE OF SERVICE

I certify that on March 24, 2025, a true copy of the foregoing document was served on all counsel of record via CM/ECF.

**BARRON & NEWBURGER, P.C.**

By:    /s/ Brit J. Suttell
       BRIT J. SUTTELL, ESQUIRE
       PA Id. No. 204140
       6100 219th St. SW
       Suite 480
       Mountlake Terrace, WA  98043
       (484) 999-4232
       britjsuttell@bn-lawyers.com
       Counsel for Defendant Line 5, LLC