# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEWART ABRAMSON,** individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**LINE 5, LLC; HEADSTART WARRANTY GROUP LLC;** and **MLB GLOBAL, LLC d/b/a BENCHMARK WARRANTY**,<br><br>Defendants. | **Case No.  2:25-cv-00288-PLD** |

## ANSWER OF DEFENDANT HEADSTART WARRANTY GROUP, LLC, TO PLAINTIFF'S CLASS ACTION COMPLAINT, WITH AFFIRMATIVE DEFENSES

Defendant Headstart Warranty Group, LLC ("HWG") submits its Answer with Affirmative Defenses to Plaintiff Stewart Abramson's class complaint in the above captioned matter, as follows:

### Answer to Preliminary Statement

1.     Denied.  HWG denies the allegations in this paragraph because they attempt to state a legal conclusion. To the extent that the allegations in this paragraph purport to provide excerpts from the Telephone Consumer Protection Act of 1991 ("TCPA"), the complete statute speaks for itself. To the extent a response is required, HWG denies that the quoted language is applicable to the conduct of HWG.

1

2.      Denied.  HWG denies the allegations in this paragraph because they attempt to state a legal conclusion. HWG refers all questions of law to the Court.

3.      Denied.  HWG denies the allegations in this paragraph because they attempt to state a legal conclusion. To the extent that the allegations in this paragraph purport to provide excerpts from the TCPA, the complete statute speaks for itself. To the extent a response is required, HWG denies that the quoted language is applicable to the conduct of HWG.

4.      Denied.  HWG denies the allegations in this paragraph to the extent that the allegations purport to provide excerpts from *Krakauer v. Dish Network, L.L. C.*, 925 F.3d 643, 649-50 (4th Cir. 2019), as the court's opinion speaks for itself. The remaining allegations in this paragraph express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, HWG denies that the quoted language is applicable to the conduct of HWG.

5.      Admitted in part and denied in part.  HWG admits that Plaintiff asserts claims under the TCPA against HWG, as well as co-defendants MLB Global, LLC d/b/a Benchmark Warranty ("MLB"), and Line 5, LLC ("Line 5"). HWG denies that MLB or Line 5 sent any telemarketing calls on behalf of HWG and denies the remaining allegations in this paragraph as they rely on the false premise that either MLB or Line 5 placed any telemarketing calls on behalf of HWG.  A factual basis for these allegations is demanded of Plaintiff.

6.      Denied.  To the extent the allegations in this paragraph are directed to HWG, HWG denies these allegations and leaves Plaintiff to his burden of proof.

2

7.      Denied. HWG denies that class treatment is warranted or appropriately premised on the facts in this lawsuit and denies that a class action is the best means of obtaining redress to the purported class or that the class members possess standing.   A factual basis for these allegations is demanded of Plaintiff.

## Answer to Parties

8.      Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, that Plaintiff was and remains a resident in this District at all times relevant to the allegations in his complaint, and, therefore, denies these allegations.

9.      Denied.  HWG denies these allegations as MLB did not make any telemarketing calls on behalf of HWG.  HWG denies the remaining allegations in this paragraph as they rely on a false premise.

## Answer to Jurisdiction and Venue

10.     Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

11.     Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court. By way of further response, as neither MLB nor Line 5 placed any telemarketing calls to Plaintiff on behalf of, or at the direction of, HWG denies these false conclusory allegations and leaves Plaintiff to his proofs.

12.     Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

3

13.     Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

14.     Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

15.     Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

16.     Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

### Answer to Plaintiff's Factual Allegations

17.     Denied.  HWG denies that MLB placed any calls to Plaintiff on behalf of HWG and therefore denies the remaining allegations in this paragraph as they rely on a false premise. To the extent the allegations in this paragraph are otherwise directed to MLB, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

18.     Admitted in part and denied in part.  HWG admits that it is a guarantor of extended warranties on vehicles and that, as warranted, HWG pays for covered repairs under contracts with consumers. Unless otherwise admitted, HWG denies the allegations in this paragraph.

19.     Denied.  HWG denies that Line 5 handles customer management, payment processing or financing for any extended warranty sold by HWG.  HWG denies that MLB sold service contracts for HWG and denies the remaining allegations in this paragraph.

20.     Denied.  HWG denies the "joint enterprise" and denies that MLB or Line 5 placed any calls on behalf of HWG to Plaintiff, including pre-recorded calls.  A factual basis for these conclusory allegations is demanded of Plaintiff.

21.     Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.[1]

22.     Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

23.     Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.  However, investigations are on-going.

24.     Denied. HWG denies these allegations and leaves Plaintiff to his proofs.  Investigation is on-going.

25.     Denied. HWG denies these allegations and leaves Plaintiff to his proofs.

26.     Denied.  HWG denies that Plaintiff received any telemarketing calls from MLB or Line 5 on behalf of, or at the direction of, HWG.  Therefore, HWG denies the remaining allegations in this paragraph as they rely on the false premise that either MLB or Live 5 placed calls to Plaintiff on behalf of HWG.  A factual basis for these allegations is demanded of Plaintiff.

---

[1] Plaintiff is a serial litigant that has filed approximately 50 TCPA lawsuits. Therefore, the question as to whether Plaintiff's telephone number is non-commercial or whether it is used for personal residential purposes is unknown.

27. Denied. HWG denies these allegations and leaves Plaintiff to his proofs.

28. Denied. HWG denies these allegations and leaves Plaintiff to his proofs.

29. Denied. HWG denies these allegations and leaves Plaintiff to his proofs.

30. Denied. HWG denies these allegations and leaves Plaintiff to his proofs.

31. Denied. HWG denies these allegations and leaves Plaintiff to his proofs.

32. Denied. HWG denies these allegations and leaves Plaintiff to his proofs.

33. Denied. HWG denies these allegations and leaves Plaintiff to his proofs.

34. Denied. HWG lacks sufficient knowledge or belief as to the truth of these allegations and, therefore, denies these allegations.

35. Denied. HWG lacks sufficient knowledge or belief as to the truth of these allegations and, therefore, denies these allegations.

36. Denied. HWG denies these allegations and leaves Plaintiff to his proofs.

37. Denied. HWG lacks sufficient knowledge or belief as to the truth of these allegations and, therefore, denies these allegations.

38.    Denied.  HWG lacks sufficient knowledge or belief as to the truth of these allegations and, therefore, denies these allegations.

39.    Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

40.    Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

41.    Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

42.    Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

43.    Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

44.    Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

45.    Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

46.    Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

47.    Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the  allegations in this paragraph, and, therefore, denies these allegations.

48.    Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the  allegations in this paragraph, and, therefore, denies these allegations.

49.    Denied.  HWG denies these allegations and leaves Plaintiff to his proofs.

50.    Denied.  HWG lacks sufficient knowledge or information to form a belief as to the truth of the  allegations in this paragraph, and, therefore, denies these allegations.

51.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

52.    Denied. The allegations in this paragraph present a question of law and are denied as such. HWG refers all questions of law to the Court.

53.    Denied.  As HWG did not place any calls to Plaintiff through MLB and did not direct any calls by MLB to Plaintiff, HWG denies the legal contentions in this paragraph as they rely on a false premise. Further, HWG denies the allegations in this paragraph to the extent that the allegations purport to provide

excerpts from *In re DISH Network, LLC,* as this writing, in its entirety that speaks for itself.

54.    Denied.  As MLB placed no calls to Plaintiff on behalf of, or at the behest of HWG, HWG denies vicarious liability premised on the alleged conduct of MLB.  To the extent that these allegations are directed to co-defendant, Line 5, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

55.    Denied.  As MLB placed no calls to Plaintiff on behalf of, or at the behest of HWG, HWG denies vicarious liability premised on the purported conduct of MLB or Line 5.  To the extent that these allegations are directed to co-defendants, HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

56.    Denied.  HWG denies the "hallmarks of agency" proclaimed by Plaintiff. A factual basis for these conclusory allegations is demanded of Plaintiff.

57.    Denied.  HWG denies these allegations and leaves Plaintiff to his proofs.

58.    Denied.  HWG denies these allegations and leaves Plaintiff to his proofs.

59.    Denied.  HWG denies these allegations and leaves Plaintiff to his proofs.

60.    Denied.  HWG denies these allegations and leaves Plaintiff to his proofs.

61.     Denied. HWG denies violating the TCPA and denies the remaining allegations in this paragraph.

62.     Denied.  HWG denies these allegations and leaves Plaintiff to his proofs.

63.     Denied.  HWG denies that it authorized or hired MLB or Line 5 to contact Plaintiff or to orchestrate a telemarketing campaign to sell HWG contracts to Plaintiff. A factual basis for these conclusory allegations is demanded of Plaintiff.

64.     Denied.  HWG denies these allegations and leaves Plaintiff to his proofs.

65.     Denied. HWG denies these allegations and leaves Plaintiff to his proof.

66.     Denied. Because HWG did not employ or utilize MLB or Line 5 to place any calls on behalf of HWG to Plaintiff or others, HWG denies these allegations as they rely on a false premise.

67.     Admitted in part and denied in part.  HWG admits that neither MLB nor Line 5 placed any calls to Plaintiff at the direction of HWG, it did not terminate MLB or Line 5.   Unless otherwise admitted, HWG denies the allegations in this paragraph.

68.     Denied.  HWG denies these allegations and leaves Plaintiff to his proofs.

69.     Admitted in part and denied in part. HWG admits that it strives to assure that its vendors abide by the requirements of the TCPA and that they

observe the limitations imposed by the National Do Not Call Registry. HWG denies any knowledge that MLB or Line 5 placed any prohibited calls to Plaintiff on its behalf and denies the remaining allegations in this paragraph.

70.    Denied.  HWG denies the allegations in this paragraph and leaves Plaintiff to his proofs.

71.    Denied.  HWG denies these conclusory allegations. A factual basis for these conclusory allegations is demanded of Plaintiff.

72.    Denied.  HWG denies these conclusory allegations. A factual basis for these conclusory allegations is demanded of Plaintiff.

73.    Denied. HWG denies these allegations and leaves Plaintiff to his proofs.

74.    Denied.  HWG denies these allegations and leaves Plaintiff to his proofs.

75.    Denied.  HWG denies these allegations because they consist of conclusions of law.  Further, HWG denies the allegations in this paragraph to the extent that the allegations purport to provide excerpts from *In re DISH Network, LLC, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013)*, as this writing, in its entirety, that speaks for itself.

76.    Denied. HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

77.     Denied. HWG lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

78.    Denied. HWG denies these allegations and leaves Plaintiff to his proofs.

79.    Denied. HWG denies these allegations and leaves Plaintiff to his proofs.

80.    Denied. HWG denies these allegations and leaves Plaintiff to his proofs.

81.    Denied. HWG denies that Plaintiff or any call recipients incurred any harm premised on the conduct of HWG and denies the remaining allegations in this paragraph.  A factual basis for the perceived harm claimed by Plaintiff and as to each member of his putative class is demanded of Plaintiff.

82.    Denied. HWG denies that Plaintiff incurred any injury as a result of the conduct of HWG and denies the remaining allegations in this paragraph. HWG leaves Plaintiff to his burden of proof as to each perceived harm claimed by Plaintiff, and as to his putative class, arising from the alleged conduct he attributes to HWG.

### Answer to Class Action Allegations

83.    No response is necessary to this paragraph as Plaintiff merely repeats and re-alleges the prior paragraphs of his complaint. To the extent a responses is required, HWG incorporates by reference its response to paragraphs 1-82.

84.    Admitted in part and denied in part.  HWG admits that Plaintiff asserts individual and class claims. HWG denies that Plaintiff has asserted viable individual or class claims against HWG.

85.    Admitted.  HWG admits that Plaintiff defines three class claims in this paragraph:

> **Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of MLB Management Services d/b/a Benchmark Warranty, Headstart Warranty Group LLC, or Line 5, LLC, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

> **Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendants (or a third-party acting on behalf of Defendants) sent (2) two or more telemarketing calls in a 12-month period, (3) who had previously asked for the calls to stop, and (4) within the four years prior to the filing of the Complaint.

86.    Denied.  HWG denies that Plaintiff could fairly and adequately represent the interests of his three theoretical classes.  A factual basis for these allegations is demanded of Plaintiff.

87.    Admitted in part and denied in part.  HWG admits that Plaintiff excludes individuals from his putative classes in this paragraph.

88.    Denied.  HWG denies there are members of Plaintiff's theoretical classes or that Plaintiff can serve as a representative as to classes to which he is not a member.  HWG denies that it engaged in any conduct that could reasonably

13

or rationally be construed as harming Plaintiff or any member of his alleged classes. Finally, because the class allegations in this matter share the same nexus as to claims asserted against the same class members in the matter, *Joseph Friel, et al., v. HWG, et al.*, in the United States District Court for the Middle District of Pennsylvania, Case 3:24-cv-01866-JKM, Plaintiff cannot represent the same class members for the same claims in the present action, HWG denies class treatment is available to Plaintiff in this matter.

89. Admitted in part and denied in part. HWG admits that Plaintiff seeks both injunctive relief and money damages against HWG, Line 5 and MLB. HWG denies that the proposed classes are entitled to injunctive relief or money damages against HWG.

90. Denied. HWG denies these allegations, as HWG did not place calls through MLB or Line 5 to Plaintiff and, therefore, would be unable to identify individuals that received calls concerning HWG from MLB or Line 5, through HWG phone records or databases to the extent that any telemarketing calls were placed by MLB or Line 5. HWG leaves Plaintiff to his proofs.

91. Denied. HWG denies sufficient numerosity with respect to the classes because Plaintiff is already a member of the *Friel* classes. Further, as Plaintiff alleges receiving telemarketing calls from Line 5 and MLB, HWG is unable to assess sufficient numerosity.

92. Denied. HWG denies that joinder is impracticable to the extent any of the classes have any membership. HWG leaves Plaintiff to his proofs.

14

93.     Denied.  HWG denies any purported efficiencies or benefits to the classes through the pursuit of this flawed class action.  A factual basis for these conclusory allegations is demanded of Plaintiff.

94.     Denied.  HWG denies typicality and commonality, particularly where Plaintiff did not receive telemarketing calls from MLB or by Line 5, at the behest of, or on behalf of, HWG. A factual basis for these conclusory allegations is demanded of Plaintiff.

95.     Denied.  HWG denies commonality, particularly where Plaintiff did not receive telemarketing calls from MLB or by Line 5, at the behest of, or on behalf of, HWG. A factual basis for these conclusory allegations is demanded of Plaintiff.

96.     Denied.  HWG denies that Plaintiff can adequately or fairly represent and protect the interests of his theoretical classes where he is not a member of the class or classes he seeks to represent and where his class allegations are subsumed in the *Friel* class action.

97.     Denied.  HWG lacks sufficient knowledge or belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

98.     Denied.   HWG denies that common questions of law and fact predominate over questions impacting individual class members, including whether each class member incurred an injury premised on the conduct of HWG. HWG further denies that class treatment is superior to individual prosecution of the claims and denies the remaining allegations in this paragraph, as Plaintiff

15

did not receive telemarketing calls from MLB or Line 5 on behalf of, or at the behest of, HWG. [2]

99.    Admitted in part and denied in part.  HWG admits, in the absence of violative conduct, individual members of the classes, if any, will not prosecute claims against HWG.  Unless otherwise admitted, HWG denies the allegations in this paragraph.

100.  Denied.  HWG denies the allegations in this paragraph as Plaintiff is aware of the *Friel* litigation being prosecuted by counsel for Plaintiff, which involves the same putative class members against HWG.

### Answer to Count I

### Alleged Violation of 47 U.S.C. § 227(b)

101. No response is necessary to this paragraph as Plaintiff merely repeats and re-alleges the prior paragraphs of his complaint. To the extent a response is required, HWG incorporates by reference its response to paragraphs 1-100.

102.    Denied. HWG denies violating 47 U.S.C. § 227(b), in any way. HWG leaves Plaintiff to his proofs.

103.    Denied. HWG denies that it violated 47 U.S.C. § 227(b) and denies all liability to Plaintiff or his theoretical Robocall class.

---

[2] Further, the fact that the TCPA does not provide for fee-shifting demonstrates that Congress anticipated simple claims brought on an individual basis, and not the establishment of a cottage industry for attorneys in the class arena. Compare with the FDCPA and the FCRA, which specifically provide for attorneys' fees.  15 U.S.C. § 1692k(a)(3) and 15 U.S.C. §§ 1681n(a)(3) & 1681o(a)(2).

104.    Denied.  HWG denies that Plaintiff or his Robocall class members, if any, are entitled to an award under 47 U.S.C. § 227(b)(3)(B), let alone an award of treble damages.

105.    Denied.  HWG denies that Plaintiff or his purported Robocall class members are entitled to any recovery or relief, including injunctive relief against HWG.

### Answer to Count II

### Alleged Violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. §64.1200(c)

106.  No response is necessary to this paragraph as Plaintiff merely repeats and re-alleges the prior paragraphs of his complaint. To the extent a response is required, HWG incorporates by reference its response to paragraphs 1-105.

107.    Denied.  HWG denies violating 47 U.S.C. § 227(c) and denies liability to Plaintiff or his putative DNC class.  HWG denies that the alleged DNC class is entitled to statutory relief, let alone treble recovery against HWG.  A factual basis for these conclusory allegations is demanded of Plaintiff.

108.    Denied. HWG denies violating the TCPA, negligently or otherwise and leaves Plaintiff to his burden of proof.

109.    Denied.  HWG denies that Plaintiff or his DNC class members, if any, are entitled to an award under 47 U.S.C. § 227, let alone an award of treble damages.

17

110.   Denied.   HWG denies that Plaintiff or his purported DNC class members are entitled to any recovery or relief, including injunctive relief against HWG.

### Answer to Count III

### Alleged Violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. §64.1200(d)

111.   No response is necessary to this paragraph as Plaintiff merely repeats and re-alleges the prior paragraphs of his complaint. To the extent a response is required, HWG incorporates by reference its response to paragraphs 1-110.

112.   Denied.  HWG denies violating 47 U.S.C. § 227(c) and denies liability to Plaintiff or his putative Internal DNC class.  HWG denies that the alleged Internal DNC class is entitled to statutory relief, let alone treble recovery against HWG.  A factual basis for these conclusory allegations is demanded of Plaintiff.

113.   Denied. HWG denies violating the TCPA, negligently or otherwise and leaves Plaintiff to his burden of proof.

114.   Denied.  HWG denies that Plaintiff or his DNC class members, if any, are entitled to an award under 47 U.S.C. § 227, let alone an award of treble damages.

### Answer to Prayer for Relief

Admitted in part and denied in part. HWG admits that Plaintiff prays for unwarranted injunctive relief, statutory recovery against HWG, class certification and unspecified relief. Additionally, HWG admits that Plaintiff seeks to be designated as class representative for a class to which he is not a member, for

Plaintiff's counsel to be appointed as class counsel, but denies that Plaintiff or his putative classes are entitled to any such relief in the absence of any violations of the TCPA. .

### Answer to Demand for Jury Trial

HWG admits that Plaintiff demands a jury trial but denies that any such trial is available in the absence of any violation of the law.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under which relief may be granted. Pinnacle, LLC, retained Aim Now, LLC, to conduct a test marketing campaign for HWG extended warranty contracts. HWG did not authorize, control or supervise the conduct of Aim Now, LLC. Prior to this single campaign, HWG was not engaged in any facet of telemarketing. Aim Now, LLC, placed calls and, when such calls were answered by a prospective customer, the calls were seamlessly handed off to MLB. Once a prospective customer consented to the sale of an extended warranty, MLB communicated with the prospective customer regarding the HWG extended warranty and, where the prospective customer requested financing. the CRM platform, Line 5, was utilized to facilitate the process of securing financing at the behest of the customer. HWG has no direct or vicarious liability under the TCPA with respect to Plaintiff (and MLB and Line 5 did not communicate with Plaintiff absent his express consent). Even if Plaintiff's claims were not subsumed through the matter, *Joseph Friel, et al., v. HWG, et al.*, in the United States District Court for the Middle District of Pennsylvania, Case 3:24-

cv-01866-JKM, filed by Plaintiff's counsel on October 20, 2024, Plaintiff has failed to plead a viable claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which HWG denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of HWG or damages attributable to HWG.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff seeks to certify this class action involving TCPA claims against the same class members in the previously filed, and pending matter, *Joseph Friel, et al., v. HWG, et al.*, in the United States District Court for the Middle District of Pennsylvania, Case 3:24-cv-01866-JKM, filed by Plaintiff's counsel on October 20, 2024.  Therefore, Plaintiff cannot maintain any class claims against HWG in this litigation.

### FIFTH AFFIRMATIVE DEFENSE

Class treatment is not only grossly inferior to individual treatment in this case, class treatment is inappropriate based on the over-inclusive, fail-safe class definitions.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate class representative.

20

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and his putative class members lack Article III standing to maintain claims in this Court, as neither Plaintiff nor his theoretical class members have incurred any injury premised on the conduct of HWG.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff is barred from pursuing claims alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

HWG did not make or authorize any of the calls alleged to be at issue, as HWG did not employ MLB or Line 5 to place telemarketing calls to Plaintiff (or others). Therefore, Plaintiff's individual and class claims fail at the outset.

## TENTH AFFIRMATIVE DEFENSE

The damages Plaintiff seeks against HWG violate the Due Process Clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against HWG are barred because the calls about which he complains constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on HWG for such calls would violate its First Amendment rights.

### TWELFTH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages sustained by Plaintiff are the result of conduct of a person or persons over whom HWG exercised no control.

### THIRTEENTH AFFIRMATIVE DEFENSE

Neither Plaintiff nor any putative DNC class member may recover on a claim pursuant to 47 U.S.C. § 227(c)(5) unless they registered their own telephone number on the National Do Not Call Registry for more than 31 days prior to the alleged call. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c).

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of putative class members are barred, in whole or in part, by the terms and conditions and/or limitations of liability contained in any applicable agreements.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims on behalf of the putative classes are barred because this case is not maintainable as a class action under Federal Rule of Civil Procedure 23 because the proposed classes do not satisfy the requirements described therein, including, but not limited to, class definition, ascertainability, numerosity, commonality, typicality, predominance, adequacy of representation, superiority, and manageability.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to offer any facts evincing a demonstrated threat of continuing irreparable harm by HWG. Therefore, Plaintiff's Prayer for Relief, to

the extent that it seeks injunctive relief should be stricken or withdrawn.  See

*Sampson v. Murray*, 415 U.S. 61, 88, 94 S. Ct. 937, 39 L. Ed. 2d 166 (1974).

## SEVENTEENTH AFFIRMATIVE DEFENSE

This Court is not bound by, nor must it give any deference to, any interpretation, regulation, or regulatory determinations taken by the FCC.  *See Loper Bright v. Raimondo,* 144 S. Ct. 2244 (2024).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Because it would require a distinct separate and individualized factual inquiry into each putative class member of the "Do Not Call" class to determine whether they registered their own telephone number on the National Do Not Call Registry more than thirty-one (31) days prior to any alleged call, class treatment is inappropriate.

## RESERVATION OF RIGHTS

HWG reserves the right to raise any other affirmative defenses not previously asserted in this Answer as they may arise through further investigation and discovery.

**WHEREFORE**, Defendant Headstart Warranty Group, LLC requests that this answer be deemed sufficient; that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court may deem just and equitable.

**MESSER STRICKLER BURNETTE, LTD.**

By:     _/s/ Andrew M. Schwartz_
        Andrew M. Schwartz,
        935 E. Lancaster Ave., #1003
        Downingtown, PA 19335
        ☎ : (320) 434-9664
        🖷 : (312) 334-3474
        🖃 : aschwartz@messerstrickler.com

        Barry S. Guaglardi
        Admitted Pro Hac Vice
        Guaglardi & Meliti, LLP
        365 West Passaic Street, Suite 130
        Rochelle Park, New Jersey 07662
        Tel: (201) 947-4100
        Fax: (201) 947-1010
        www.adgmlaw.com

        _Counsel for Defendant_
        _Headstart Warranty Group, LLC_

24