# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON,<br>individually and on behalf of a class of all persons<br>and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>LINE 5, LLC and HEADSTART WARRANTY<br>GROUP LLC<br><br>        Defendants. | Case No. 26-cv-155 |

## PLAINTIFF'S MOTION FOR LEAVE TO
## FILE FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Stewart Abramson, by and through undersigned counsel, respectfully moves this

Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file the attached First

Amended Class Action Complaint.

Plaintiff commenced this action asserting claims under the Telephone Consumer

Protection Act, 47 U.S.C. § 227, arising from unlawful telemarketing calls and text messages.

The action was originally filed in the United States District Court for the Western District of

Pennsylvania and was subsequently transferred to this Court pursuant to an Order adopting a

Report and Recommendation. Following the transfer, this Court directed the parties to file a

status report concerning the procedural posture of the case.

After evaluating the claims, defenses, and procedural posture of this action, Plaintiff

seeks leave to amend the Complaint in order to streamline the case and clarify the theory of

liability. Specifically, the proposed First Amended Class Action Complaint limits the action to

Defendant Line 5, LLC and proceeds solely on a theory of direct liability against that Defendant.

The proposed amended pleading removes previously named defendants and eliminates any allegations premised on vicarious liability, thereby narrowing the issues presented for adjudication.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely granted when justice so requires. Granting leave to amend is appropriate in this case because the proposed amendment will not result in undue delay, bad faith, or dilatory motive, and will not prejudice Defendant. To the contrary, the amendment narrows the scope of the litigation and promotes efficiency by focusing the case on a single defendant and a direct theory of liability.

This case remains in a relatively early procedural posture following transfer, and no trial date has been set. Discovery has not commenced. The proposed amendment is also not futile. The amended complaint adequately alleges violations of the TCPA based on Defendant's direct conduct, including the initiation of prerecorded calls and text messages without prior express written consent and the failure to honor Plaintiff's requests to stop such communications.

For all of these reasons, Plaintiff respectfully submits that leave to amend should be granted. A copy of the proposed amended complaint is attached <u>Exhibit 1</u>. A redlined version against the current complaint is attached <u>Exhibit 2</u>.

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

Pursuant to Middle District of Pennsylvania Local Rule 7.1, undersigned counsel certifies that he conferred with counsel for Defendant regarding the subject matter of this Motion. Specifically, Plaintiff provided Defendant with a copy of the proposed First Amended Class Action Complaint. Counsel for Defendant responded during the week of this filing and indicated that Defendant opposed the proposed amendment by providing a redlined version of the proposed amended complaint that would eliminate certain claims asserted by Plaintiff.

Dated: March 20, 2026

/s/ Anthony Paronich
Anthony Paronich, *pro hac vice*
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100