**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>LINE 5, LLC,<br><br>        Defendant. | Case No. 26-cv-155 |

## FIRST AMENDED CLASS ACTION COMPLAINT

### Preliminary Statement

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3.    Plaintiff Stewart Abramson ("Plaintiff") brings this action under the TCPA alleging that Line5, LLC sent text messages to him after he asked that such text messages stop. Those text messages were made without the Plaintiff's prior express written consent.

4.    A class action is the best means of obtaining redress for the Defendant's illegal actions and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

5.    Plaintiff Stewart Abramson is a resident of Pennsylvania.

6.    Defendant Line 5, LLC is a limited liability company that contacted the Plaintiff.

### Jurisdiction & Venue

2

7.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8.     This Court has general personal jurisdiction over Line 5, LLC, because they have registered to do business in Pennsylvania, thereby consenting to the exercise of general personal jurisdiction in Pennsylvania.

9.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent into this District.

**The Telephone Consumer Protection Act**

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

11.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

3

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**<u>Factual Allegations</u>**

14.    Plaintiff Abramson's telephone number, (412) XXX-XXX, is a non-commercial telephone number not associated with any business.

15.    Plaintiff Abramson's telephone number is used for personal residential purposes.

16.    Plaintiff's telephone number has been listed on the National Do Not Call Registry since he listed it there in June of 2015.

17.    At some point in October 20224, Plaintiff received various telemarketing calls regarding an extended vehicle service warranty.

18.    On or about October 16, 2024, Plaintiff agreed to an extended vehicle service warranty with a third party and the warranty was financed by Line5 with whom Plaintiff signed a security agreement.

19.    Plaintiff received various emails and text messages from Line5 around October of 2024 after agreeing to the warranty and security agreement. One such text message came from 858-346-7695 that very day and read:

> This is Line 5 - Congratulations! Click here to add your payment method to your new Line 5 Account. https://plaid.line5.com/uzhtb9 Reply STOP to unsubscribe.

20.    Sewp, the Plaintiff also received a notice from Equifax that Defendant Line 5, LLC made a soft inquiry about the Plaintiff on the Plaintiff's credit report without his consent.

21.    The Plaintiff received a text message from Line 5 and responded "STOP" and also contacted Line 5 on 844-775-4635 to get to the bottom of the calls and requesting that the

calls stop, and received confirmation of the STOP, but the calls continued anyway, including on October 25, 2024 from the same caller ID 425-541-0312.

22.     This call was also an identical prerecorded message, with the voice stating that it was Line 5 and asked the Plaintiff to call back the number 844-775-4635.

23.     Moreover, on October 24, 2024, the Plaintiff sent a letter to Line 5, inquiring why he was receiving illegal calls and to get them to stop and for Defendant to place the Plaintiff's number on their internal Do Not Call List.

24.     Despite such aforementioned revocations, on October 26, 2024, the Plaintiff received yet another text message from Line 5 and again responded STOP, received a confirmation, but they still continued.

25.     Despite this, the Plaintiff continued to receive text messages and prerecorded calls from Line 5, including a prerecorded call identical to the others that Plaintiff received on October 28, and a text message on October 30, to which the Plaintiff responded STOP a third time, to which he received a third confirmation.

26.     Despite this, the Plaintiff received yet another identical prerecorded call on October 30 from Line 5.

27.     Plaintiff eventually cancelled the extended warranty and security agreement.

28.     The aforementioned prerecorded calls were placed using and beginning with a prerecorded voices because: (a) the robot's questions and speech were sometimes cut off and clunky, (b) the robot had an identical, generic, monotone voice, (c) it would be illogical for a human to call someone and play various scripted questions and statements without the ability to engage in dialogue, (d) the robot repeated the same identical phrases during the call multiple

times exactly the same way, just like playing back a recording, and (e), the Plaintiff was eventually transferred to a human being who was obviously human.

## Class Action Statement

29.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

30.    Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

31.    Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from Line 5, LLC, (4) sent using the same, or substantially similar, pre-recorded messages used to contact the Plaintiff (5) to an individual that had asked such calls to stop or never provided their number to Line 5.

**Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more calls in a 12-month period, (3) who had previously asked for the calls to stop, and (4) within the four years prior to the filing of the Complaint.

32.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

33.    Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

34.    Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time,

6

the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

35.    This Class Action Complaint seeks injunctive relief and money damages.

36.    The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

37.    Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes the Class numbers to be, at minimum, in the hundreds.

38.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

39.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

40.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

41.    There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a.    ;

b.    Whether Defendant made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

c.    Whether Defendant properly honored Do Not Call requests;

d.

e.    Whether Defendant's conduct constitutes a violation of the TCPA; and

f.    Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

7

42.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

43.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

44.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

45.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

46.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Statutory Violations of the Telephone Consumer Protection Act
(47 .S.C. § 227(b)) on behalf of the Robocall Class**

47.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

48.     The Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using pre-recorded messages without their prior express written consent.

8

49.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

50.     The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

51.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Registry Class)**

52.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

53.     The foregoing acts and omissions of Defendant, and/or their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

54.     Defendant's violations were negligent, willful, or knowing.

55.     As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf's, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful

9

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      ;

B.      Injunctive relief requiring Defendant to create, maintain, and honor internal Do Not Call requests in the future;

C.      Injunctive relief prohibiting Defendant from using artificial or pre-recorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

D.      That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

E.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

F.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Plaintiff,
By Counsel,

10

By: */s/ Jeremy Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
E.D. Pa. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff and the Proposed Class*

11